UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUANA MORENO, ET AL.<br>　　Plaintiffs,<br><br>VS.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., HIMAT TRANS, LLC, and HIRA TRANSPORT, INC.<br>　　Defendants. | §§§§§§§§§§§§§ CIVIL ACTION NO.<br>4:23-cv-00919 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiffs, JUANA MORENO and CAROLINA MORENO, complaining of Defendants, FEDEX GROUND PACKAGE SYSTEM, INC., HIMAT TRANS LLC, and HIRA TRANSPORT, Inc., and for cause of action would respectfully show the following:

## PARTIES

1.　Plaintiff, JUANA MORENO ("J. MORENO"), is an individual, is a resident of Houston, Harris County, Texas.

2.　Plaintiff, CAROLINA MORENO ("C. MORENO"), is an individual, is a resident of Houston, Harris County, Texas.

3.　Defendant, FEDEX GROUND PACKAGE SYSTEM, INC. ("FEDEX"), is a corporation registered in the State of Texas. Defendant has made an appearance in this case by and through the undersigned counsel of record.

4.　Defendant, HIMAT TRANS LLC ("HIMAT"), is a limited liability company registered in the State of California. Defendant has made an appearance in this case by and through the undersigned counsel of record.

5.　Defendant, HIRA TRANSPORT, INC. ("HIRA"), is a corporation organized under the

laws of the State of California. It may be served through its registered agent: Ajit S. Johal, 8300 Utica Ave., Suite 283, Rancho Cucamonga, CA 91730. Citation is requested.

## VENUE

6.     The Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter of controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## FACTUAL BACKGROUND

7.     On or about June 5, 2021, Plaintiffs were lawfully traveling at the 11600 block of Barker Cypress Road in Houston, Harris County when suddenly and without warning an employee for Defendant FEDEX , HIRA, and/or HIMAT changed lanes when unsafe striking Plaintiffs' vehicle. At the time of the collision, the driver was in the course and scope of his/her duties as an employee for Defendant FEDEX, HIRA, and/or HIMAT.

8.     As a result of the aforementioned collision caused by the negligence of Defendant FEDEX, HIRA, and/or HIMAT, Plaintiffs sustained injuries and damages, as will be more fully described hereinafter.

## NEGLIGENCE

9.     The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence of the driver for Defendant FEDEX, HIRA, and/or HIMAT for a variety of acts and omissions, including but not limited to one or more of the following:

   a. In driving said vehicle at an excessive rate of speed immediately prior to the collision;

   b. In operating said vehicle in a careless and reckless manner;

   c. In failing to keep a proper lookout;

   d. In failing to keep said vehicle under reasonable and proper control;

   e. In failing to pay full time and attention;

      f.      In failing to change lanes when unsafe;

      g.      In failing to maintain an assured and clear distance between two vehicles so that, considering the speed of the vehicles, traffic and the conditions of the highway, he could safely stop without colliding with the preceding vehicle;

      h.      In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

      i.      In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle; specifically Texas Transportation Code §§545.053, 545.054, 545.351, 545.061, 545.062, 545.103, 545.104 and 545.401.

Each and all of the above acts and/or omissions were negligence and each and all were a proximate cause of the injuries and damages suffered by the Plaintiff herein.

## NEGLIGENCE – FEDEX, HIRA AND/OR HIMAT

10. At the time of the aforementioned collision, the driver was an employee of Defendant, FEDEX, HIRA, and/or HIMAT, and was acting within the course and scope of employment. Defendant, FEDEX, HIRA, and/or HIMAT, was negligent in hiring, training, supervising, and entrusting their vehicle to their employee.

## VICARIOUS LIABILITY

11. Defendant FEDEX, HIRA and/or HIMAT, is liable under the theory of respondent superior. Under this theory a principal is subject to liability for the conduct of its employees when they commit a tort within the scope of their authority. Since, the driver was an employee of Defendant FEDEX, HIRA, and/or HIMAT, and was acting within the course and scope of employment. Defendant FEDEX, HIRA and/or HIMAT, is vicariously liable for his/her negligence.

## DAMAGES – J. MORENO

12. As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past. Plaintiff will also likely suffer legally recoverable damages in the future.

Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.

13. There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

    a. The physical pain Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    b. The mental anguish Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    c. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

    d. The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    e. The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future; and,

    f. Property damage, rental car fees, loss of use, and diminished value sustained by Plaintiff.

14. Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

## **DAMAGES – C. MORENO**

15. As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past. Plaintiff will also likely suffer legally recoverable damages in the future. Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has

incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.

16. There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

   a. The physical pain Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

   b. The mental anguish Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

   c. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

   d. The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future; and

   e. The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future.

17. Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs prays Defendants be cited in terms of law to appear and answer herein; that upon final trial hereof, Plaintiffs have judgment against Defendants for all damages, punitive damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

**HUSAIN LAW + ASSOCIATES, PC**

By: */s/ Joshua R. Leske*
    Joshua R. Leske
    TBN: 24060162
    Federal Bar No.: 875896
    5858 Westheimer, Suite 400
    Houston, Texas 77057
    Telephone: (713) 800-1200
    Facsimile: (713) 800-0786
    jleske@hlalawfirm.com

**ATTORNEY IN CHARGE**
**FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing was electronically served in accordance with the Federal Rules of Civil Procedure via the Court's ECF/CM system on the 21st day of December, 2023, to all known counsel of record.

    */s/ Joshua R. Leske*
    Joshua R. Leske